IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES M. BELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 07-CV-297-TCK-PJC |
| ) | |
| STANLEY GLANZ, Sheriff; ) | |
| TIM ALBIN, Chief of David L. Moss ) | |
| Criminal Justice Center, and any designated ) | |
| employee of the David L. Moss C.J.C., ) | |
| ) | |
| Respondents. ) | |

**OPINION AND ORDER**

This is a 28 U.S.C. § 2254 habeas corpus proceeding. At the time Petitioner filed his petition for writ of habeas corpus, he was incarcerated at the Tulsa County Jail pursuant to a finding of indirect contempt of court for failure to pay child support, entered in Tulsa County District Court, Case No. FD-2003-4491. See Dkt. # 1. In response to the petition, Respondents filed motions to dismiss for failure to exhaust state remedies (Dkt. #s 7 and 8). Petitioner filed a response to the motions (Dkt. # 9). On August 28, 2007, Respondents filed a supplement (Dkt. #s 12 and 13) to the motions to dismiss, providing evidence demonstrating that Petitioner had completed his jail sentence. See Dkt. # 12 and 13, Exs. M and N.

The Court has reviewed the docket sheet for Tulsa County District Court, Case No. FD-2003-4491.[1] The docket sheet reflects that on August 22, 2007, an Order was entered in Case No. FD-2003-4491, directing that Petitioner be released from custody. Because Petitioner has been released from custody during the pendency of this action and because nothing in the record before

---

[1] The docket sheet Tulsa County District Court, Case No. FD-2003-4491, was accessed at www.oscn.net.

the Court demonstrates that Petitioner has suffered specific collateral consequences from the finding of contempt, the Court finds Petitioner's petition for writ of habeas corpus has been rendered moot. See Puchner v. Kruziki, 111 F.3d 541, 543-44 (7th Cir. 1997) (concluding that "[n]othing in [the applicable state law] suggests that an earlier finding of civil contempt could be used to enhance a sentence in a felony proceeding for nonsupport, and a civil or remedial contempt order would, as always, be dischargeable upon full compliance with the court's order"); Anderson v. Worden, 744 F.Supp. 1042, 1044 (D. Kan. 1990) (concluding that "once the contempt was purged and petitioner was released, his civil contempt citation imposed no collateral legal consequences on which to maintain a claim for habeas relief" and that "[p]etitioner's continuing obligation to pay child support does not impose disabilities or burdens similar to those resulting from a conviction, and does not require intervention of this court by way of habeas corpus relief"). The petition for writ of habeas corpus shall be dismissed as moot. Respondents' motions to dismiss for failure to exhaust state remedies shall be declared moot.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed as moot**.

2. Respondents' motions to dismiss (Dkt. #s 7 and 8) are **declared moot**.

3. A separate judgment shall be entered in this matter.

DATED THIS 11th day of February, 2008.

TERENCE KERN
UNITED STATES DISTRICT JUDGE